NINE BALES OF COTTON (SEWELL v.). See Case No. 12,683.

NINE CASES (UNITED STATES v.). See Case No. 15,880a.

NINE HUNDRED AND FIVE PACKAGES OF TOBACCO (UNITED STATES ex rel. AMES v.). See Case No. 15,881.

---

## Case No. 10,270.

### NINE HUNDRED AND FORTY-EIGHT PIECES OF LUMBER.

[7 Ben. 389.] [1]

District Court, E. D. New York. July, 1874.

CHARTER PARTY—SUBSTITUTED FREIGHT.

1. A vessel was chartered to carry timber and lumber, not less than half of which was to be "resawn." The cargo furnished was not half "resawn," but in great part "rough edged." It was received on board by the master under protest, as not conforming to the charter; and he inserted in the bill of lading given for the cargo a provision for payment of freight, "as per charter party with additional claim as per protest." A libel was filed on behalf of the vessel against the lumber to recover the amount due from the charterer under the charter, which contained a clause binding the cargo to its performance. *Held*, that, taking together the charter party, protest and bill of lading, it was clear that the rough-edged lumber was to be transported as freight, and that it was meant that the vessel should realize as much for freight as if the charter had been strictly complied with by furnishing the specified proportion of resawn lumber;

2. Whether the action were treated as one to recover freight substituted for that specified in

[1] [Reported by Robert D. Benedict, Esq., and B. Lincoln Benedict, Esq., and here reprinted by permission.]

the charter, or to recover damages for violation of the charter, the admiralty would enforce the lien of the vessel upon the cargo.

This was a libel filed by the owner of a vessel against her cargo, to recover an amount claimed to be due under a charter. The court decreed in favor of the libellant and the question of damages was referred to a commissioner, who reported in favor of the libellant the full amount claimed by him. The respondent excepted to the report.

Scudder & Carter, for libellant.
E. D. McCarthy, for respondent.

BENEDICT, District Judge. The charter provides for a cargo of yellow pine timber, hewn on four sides, and resawed yellow pine lumber, not less than one-half of resawed. The cargo tendered to the ship consisted partly of yellow pine timber, and a great part of rough-edged timber, instead of at least one-half resawn. This cargo was received under protest, made and extended, as not conforming to the charter party; and, in the bills of lading given by the master, the proviso for a delivery was, "on paying freight as per charter party, with additional claim as per protest." The charter party contained the usual clause binding the merchandise to be laden on board to the true and faithful performance of the agreement. Under this state of facts, the question arises, whether the ship has a lien upon the cargo actually shipped for a sum equal to what the freight would have amounted to, had the resawed timber, stipulated for in the charter party, been shipped, instead of the rough-edged timber which was shipped.

The charter provides no rate of freight for rough-edged timber; and the bill of lading fixes no rate of freight, except by the above provisions referring to the charter and protest. Looking at these documents together, the charter, the protest, and the bill of lading, it appears quite clear that the understanding of the parties was, that this rough-edged timber should be transported on freight, and should pay as freight a sum sufficient to bring the earnings of the vessel for the voyage up to the total freight which would have been realized had the charter been strictly complied with. It is not a case of dead freight, but of substituted freight, transported, nevertheless, under a contract to pay freight upon its delivery, the amount of which, although not stated, was to be calculated on the termination of the voyage by a reference to the original charter. Such a contract, if no more than an agreement, upon delivery of the cargo, to pay damages for the violation of the charter, then unliquidated, presents no difficulty. A court of admiralty can enforce, without embarrassment or injustice. a lien for such damages, and such a proceeding is common in the admiralty.

The report should, therefore, be confirmed, and a decree entered for the sum reported, with costs.